# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBORAH MITCHELL,**

      Plaintiff,

  v.                                                                     **Civil Action 2:19-cv-4162**
                                                                       **Judge Sarah D. Morrison**
                                                                       **Magistrate Judge Chelsey M. Vascura**

**THE OHIO STATE UNIVERSITY,** *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Stay Any Initial Disclosures and Discovery (ECF No. 24) pending the Court's ruling on Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 23). For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Stay Discovery (ECF No. 24).

### I.    BACKGROUND

On October 23, 2019, Plaintiff Deborah Mitchell filed her Amended Complaint against Michael Drake, Bruce McPheron, Anil Makhija, Walter Zinn, and Paul Velasco (collectively, the "Individual Defendants") and The Ohio State University. (ECF No. 5.) The Amended Complaint alleges that Defendants discriminated against Plaintiff in her employment in violation of Title VII of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, and the Fourteenth Amendment. (*Id.* ¶ 1.) Plaintiff asserts claims under Title VII and Title IX against Ohio State, and claims under the Due Process and Equal Protection clauses of the

Fourteenth Amendment against the Individual Defendants. (*Id.* ¶¶ 232–62.) As to the Individual Defendants, Plaintiff "is seeking injunctive and declaratory relief against these defendants in their official capacities, and she is seeking money damages against these defendants in their personal capacities." (*Id.* ¶ 15.)

On December 23, 2019, Defendants filed a Motion to Dismiss for Failure to State a Claim. (ECF No. 23.) In that motion, Defendants raised defenses of qualified immunity as to the personal capacity claims for money damages against the Individual Defendants and immunity under the Eleventh Amendment as to the official capacity claims for injunctive and declaratory relief against the Individual Defendants. (*Id.* at 24–25, 29–30.)

On the same day, Defendants filed the present Motion to Stay Any Initial Disclosures and Discovery (ECF No. 24) pending a ruling on their Motion to Dismiss (ECF No. 23). Defendants argue that a stay is warranted because their Motion to Dismiss is likely to succeed and because the Individual Defendants have raised the defense of qualified immunity and Eleventh Amendment immunity. Plaintiff opposes a stay of discovery, contending that Defendants' pending Motion to Dismiss does not justify a stay and that further delay will cause harm to Plaintiff and the public. (ECF No. 28.)

## II. STANDARD OF REVIEW

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad

discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that

3

> effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also Peters*, 2014 WL 6687146, at *3.

## III. ANALYSIS

Neither the pendency of Defendants' Motion to Dismiss nor their assessment of the merits of their Motion to Dismiss is persuasive. As set forth above, the existence of a "garden-variety" motion to dismiss is generally insufficient to justify a stay discovery. *See, e.g.*, *Williams*, 2010 WL 3522397, at *1–2. Defendants' insistence that their Motion to Dismiss is meritorious is likewise insufficient where, as here, the Court cannot conclude that Plaintiffs' claims are frivolous or that it is highly likely that Defendants' Motion to Dismiss will be granted. *See Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1-2 (S.D. Ohio May 3, 2017) (citations omitted) (explaining that it is "unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous," and that the Court is "not inclined to grant a stay based on one

4

party's view of the strength of its Motion to Dismiss"); *see also Ohio Bell Telephone,* 2008 WL 641252, at *2 (denying a motion to stay discovery where the jurisdictional issues raised in the dispositive motion were "fairly debatable," but noting that it might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high"); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *4 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery after concluding that the parties' contentions were not frivolous).

However, Defendants are correct that theirs is not a "garden-variety Rule 12(b)(6) motion" because it requires resolution of their immunity defenses. "If a defendant moves for dismissal on grounds of qualified immunity, the court must not only determine that issue at the earliest possible moment, but also stay discovery while the motion is under advisement." *Roth v. President & Bd. of Trustees of Ohio Univ.*, No. 2:08-CV-1173, 2009 WL 2579388, at *1 (S.D. Ohio Aug. 18, 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Lavado v. Keohane,* 992 F.2d 601 (6th Cir.1993)); *see also Reyst v. Lanis*, No. 06-15468, 2007 WL 1544394, at *2 (E.D. Mich. May 25, 2007) (staying discovery pending resolution of Eleventh Amendment immunity issues on summary judgment).

Yet only some of Plaintiff's claims are subject to qualified immunity and Eleventh Amendment immunity defenses. Plaintiff's claims against Ohio State for violations of Title VII and Title IX will not be affected by the Court's ruling on immunity. As to these claims, Defendants' request for a stay relies only on the strength of their Motion to Dismiss, which, as explained *supra*, does not constitute grounds for a stay of discovery. Therefore, the Court must

decide whether to permit discovery on claims unaffected by the immunity analysis while the motion to dismiss is pending.

Under the circumstances, the Court answers in the affirmative. The policy underlying qualified immunity "is a desire to avoid the substantial costs imposed on government, and society, by subjecting officials to the risks of trial." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002) (quoting *Vaughn v. United States Small Bus. Admin.,* 65 F.3d 1322, 1326 (6th Cir. 1995)). Defendants assert that a stay of discovery as to all claims is necessary because "discovery against the University will necessarily entail discovery against the individual defendants, who are alleged to be agents of the University." (Mot. to Stay 2, n.1, ECF No. 24.) Yet, as Plaintiff points out, this statement "implicitly recognize[s] that even if the Individual Defendants succeed on raising immunity from suit in their official capacities, such a decision will have little impact on discovery since the Individual Defendants also acted as agents of Defendant Ohio State." (Mem. in Opp. 4, ECF No. 28.) Although the Individual Defendants may enjoy immunity from suit and discovery related to the Fourteenth Amendment claims against them, non-party agents and employees of government entities sued under Title VII and Title XI enjoy no such protection. The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense. Indeed, "[m]ost courts faced with this issue have ruled in favor of allowing discovery to proceed on the claims to which qualified immunity does not apply." *Roth*, 2009 WL 2579388, at *3 (collecting cases). The Court finds it appropriate to do so here.

## IV. DISPOSITION

For the foregoing reasons, Defendant's Motion to Stay Any Initial Disclosures and Discovery (ECF No. 24) is **GRANTED IN PART and DENIED IN PART**. Discovery

6

pertaining only to Plaintiff's claims against the Individual Defendants in either their personal or official capacities is **STAYED** pending the Court's resolution of Defendants' Motion to Dismiss (ECF No. 23).  All other discovery may proceed.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE