IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Deborah Mitchell, PhD.,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:19-cv-4162 |
| **The Ohio State University,** *et al.*, | : | **JUDGE SARAH D. MORRISON** |
| | : | **Magistrate Judge Vascura** |
| Defendants. | : | |

**OPINION & ORDER**

Magistrate Judge Vascura's October 19, 2021 Order ("Order") resolved several discovery disputes. (ECF No. 71.) Relevantly, the Order denied Plaintiff Dr. Deborah Mitchell's oral motion to compel Defendant The Ohio State University to respond to Dr. Mitchell's First Requests for Production pertaining to Ohio State's communications with the Ohio Department of Medicaid and to complaints against former Ohio State faculty member Dr. Shashi Matta. *Id*. at PageID 871. The Order additionally denied Dr. Mitchell's oral request to depose six individuals that Dr. Mitchell deemed to be comparators as well as three individuals that Dr. Mitchell characterized as decisionmakers. *Id*. at PageID 873-74.

Dr. Mitchell objects to those rulings and Ohio State has responded. (ECF Nos. 72, 73.) For the reasons that follow, the Objection is partially **SUSTAINED** and partially **OVERRULED**.

I. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72(a) permits a party to object to a Magistrate Judge's non-dispositive ruling within fourteen days of the decision. Pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court shall consider a timely objection like the one present here and

1

shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

## II. DISCUSSION

### A. Rule 26

Federal R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. . . .

The Court maintains broad discretion over discovery's parameters. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).

### B. Depositions

#### 1. Comparators

Before the Magistrate Judge, Dr. Mitchell argued Marc Ankerman, Dan Oglevee, David Veech, David Greenberger, Lawrence Inks, and James Dial were comparators who must be deposed for purposes of her remaining federal and state sex discrimination claims. (ECF No. 67, PageID 711-712; ECF No. 72, Page ID 879-880.) Magistrate Judge Vascura denied Dr. Mitchell's request to depose each, finding that "deposing them at this stage is not proportional to the needs of the case." (ECF No. 71, PageID 873.)

Addressing the Rule 26(b)(1) relevance inquiry, Dr. Mitchell argues the six proposed deponents are relevant to showing that she was treated less favorably than similarly situated employees, which is one of the showings she would be required to make to establish a *prima facie* case of discrimination. For this to be the case, the proposed deponents must be "similar in

all relevant respects." *Bobo v. UPS*, 665 F.3d 741, 751 (6th Cir. 2012) (abrogated on other grounds by *Ragland v. BM2 Freight Services, Inc.*, 824 F. App'x 386 (6th Cir. 2020)). Exact correlation is not required. *Id*.

Based upon the limited information Dr. Mitchell provides, only Mr. Inks appears possibly able to provide pertinent information as he was the only individual who worked in Fisher's Executive Education program and provided outside consulting services like Dr. Mitchell did to former and current clients of Fisher's Executive Education Program. Additionally, Mr. Inks appears to have been subject to the same policies as Dr. Mitchell. This finding does not equate to a determination that Mr. Inks was similarly situated to Dr. Mitchell.

Turning to proportionality analysis, the Court agrees that sexual discrimination is an important issue. But the amount in controversy is not high, as it is a single-plaintiff Title VII case asserting a single type of discrimination. *See Jones v. Johnson*, 801 F. App'x 338, 354 (6th Cir. 2020) (Readler, J. dissenting) (arguing single-plaintiff, single-type discrimination case warranted narrowed consideration of what was relevant and proportional under Rule 26(b)). Absent deposition, Dr. Mitchell does not appear to have access to any relevant information Mr. Inks may provide. Her resources are undoubtedly smaller than Ohio State's.

Overall, the Court determines that the information Mr. Inks may supply via deposition is relevant to Dr. Mitchell's remaining federal and state claims for sex discrimination and that his deposition is proportional to the needs of the case. To ensure that the benefits of the deposition outweigh its expense, the Court will impose a three-hour limit on the deposition for Mr. Inks.

In sum, the court **SUSTAINS** Dr. Mitchell's Objection as to the deposition of Mr. Inks. That deposition may proceed, subject to a three-hour time limit. The Court **OVERRULES** Dr.

3

Mitchell's Objection as to the depositions of Mark Ankerman, Dan Oglevee, David Veech, David Greenberger, and James Dial.

### 2. Decisionmakers

The Order permitted the depositions of eight "decisionmakers." (ECF No. 71, PageID 873-74.) Dr. Mitchell argues the Order should be overturned as to the denial of depositions for Walter Zinn, Peter Ward, and Anil Arya because they "were involved in [the] decision-making" process for her termination. (ECF No. 72, PageID 875).

Dr. Mitchell's Objection as to these three individuals is **OVERRULED**. The Order denying their depositions is neither clearly erroneous nor contrary to law because Dr. Mitchell admits that none of them was a part of the '04 Process. (ECF No. 71, PageID 873; ECF No. 72, PageID 875.) Rule 26(b)'s relevance inquiry is therefore not satisfied. Regardless, utilizing the same proportionality analysis as above, the Court determines that the three depositions at issue are not proportional to the needs of the case. This is especially true here, because the Order explicitly allows the depositions of <u>eight</u> other "decisionmakers" who actually participated in the '04 Process.

### C. First Requests for Production

#### 1. Number 9

This request pertains to Ohio State's communications with the Ohio Department of Medicaid. The Order denied Dr. Mitchell's motion to compel these documents because the request was not time limited, was overbroad, and because Ohio State previously produced the communications. (ECF No. 71, PageID 871.) Dr. Mitchell does not contest the Order's holding that Ohio State already produced the documents. (ECF No. 72, PageID 882.) Her Objection as to Request Number 9 is thus **OVERRULED**.

      **2.**      **Numbers 19-23**

This request seeks information regarding any complaints against former Fisher Faculty member Dr. Shasi Matta for sex discrimination, gender discrimination, sexual harassment, and/or hostile work environment as well as for any unnamed category of complaints. The complaints sought are irrelevant to Dr. Mitchell's remaining claims and this Objection is **OVERRULED**.

**III.**      **CONCLUSION**

Dr. Mitchell's Objection (ECF No. 72) is partially **SUSTAINED** and partially **OVERRULED** as noted above.

      **IT IS SO ORDERED.**

                                                                       s/Sarah D. Morrison
                                                                       **SARAH D. MORRISON**
                                                                       **UNITED STATES DISTRICT JUDGE**