## *2019 OAC Ann. 3335-5-04*

2019 Ohio Administrative Code Archive

*OHIO ADMINISTRATIVE CODE*

## 3335-5-04. Hearing procedures for complaints against faculty members.

**(A)** Definitions and construction.

**(1)** This rule shall apply to all formal complaints of misconduct against faculty members as defined in *Chapter 3335-5 of the Administrative Code*. Complaints may be filed under this rule against administrators who hold faculty appointments.

**(2)** As appropriate, department chairs, deans, or the executive vice president and provost (hereinafter "provost") will attempt, through the use of informal consultation, to resolve complaints to their satisfaction and that of the complainant, and the faculty member against whom the complaint is made (hereinafter "respondent").

**(3)** Gross incompetence is defined as conduct that reflects gross indifference or consistent failure to satisfactorily perform faculty obligations. Allegations of gross incompetence shall be judged on the basis of a faculty member's serious failure to meet his or her obligations as a faculty member.

**(4)** Grave misconduct is defined as flagrant, egregious, and willful misbehavior in violation of the law or established university rules or policies. Allegations of grave misconduct shall be judged on the basis of acts or omissions which seriously impair the effectiveness of a faculty member to meet his or her obligations as a faculty member.

**(5)** Nontrivial financial fraud is defined as a deliberate act or deliberate failure to act that is contrary to law, rule or policy so as to obtain unauthorized financial benefit from the university for oneself, one's family or one's business associates. Nontrivial financial fraud includes, but is not limited to, misappropriation of university funds or property, authorizing or receiving compensation or reimbursement for goods not received or services not performed or hours not worked, or unauthorized alteration of financial records.

**EXHIBIT A**

**(6)** Research misconduct is defined as fabrication, falsification or plagiarism in proposing, performing, or reviewing research, or in reporting research results. A finding of research misconduct requires: a) that there be a significant departure from accepted practices of the relevant research community; and b) the misconduct be committed willfully, knowingly, or recklessly. Research misconduct does not include honest error or differences of opinion.

**(7)** Department chairs, deans, or the provost shall not act in their administrative capacities in the consideration of any complaint naming them as respondent. If a complaint names a department chair or a dean as respondent, the provost shall appoint an equivalent rank administrator from another department or college to perform the responsibilities of the named official under this rule. If a complaint names the provost as respondent, the chair of the steering committee of the university senate shall perform the responsibilities of this official under this rule.

**(8)** All records of proceedings under this rule shall be maintained in the office of academic affairs. Such records shall remain confidential to the extent permitted by law.

**(9)** At the time of their initial appointment and when they receive their annual review, faculty members shall be given notice of their right to review their personnel file maintained by their tenure initiating unit (hereinafter "primary personnel file"). A member of the faculty may place in his or her primary personnel file a response to any evaluation, comment or other material contained in the file.

**(10)** Documents related to the performance of a faculty member which are received by his or her tenure initiating unit prior to the filing of a complaint may not be introduced in proceedings under this rule unless they have been placed in the faculty member's primary personnel file, and the faculty member has been so informed, or copies have otherwise been provided to the faculty member.

**(11)** The designation "department chair" in this rule includes division chair, school director, deans of colleges without departments, and regional campus deans and directors.

**(12)** The term "day" as used in this rule means "calendar day." If the last day of a designated time period falls on a weekend or a day on which the university is closed, the time period shall expire at the close of business on the next succeeding business day.

**(13)** If at any time the provost determines that a faculty member poses a clear and present danger to persons or property, the provost may temporarily and immediately reassign the faculty member or, in the event of allegations of nontrivial financial fraud, suspend the faculty member with pay pending completion of investigation of a complaint under this rule. The provost shall be responsible for assuring that a complaint is filed promptly.

**(14)** Respondents shall be given written notice of decisions required by this rule. Any notice shall be sent by certified mail, and a copy shall be sent by regular mail. The time period for any action to be taken after delivery of the notice shall begin to run on the date on which the notice is mailed.

**(15)** Complainants shall be given written notice of decisions of the department chair and the dean, and the final disposition of the case. Any notice shall be sent by certified mail, and a copy shall be sent by regular mail.

**(B)** Initial proceedings.

**(1)** A complaint may be filed by any student or university employee.

**(2)** The complaint shall be set forth in writing. A copy shall be furnished to the respondent by the administrator with whom the complaint is filed.

**(3)** A complaint shall state facts to support an allegation that a faculty member has failed to meet his or her obligations as a faculty member, has committed acts or omissions which otherwise impair his or her effectiveness in meeting these obligations, has engaged in grave misconduct, research misconduct, has committed nontrivial financial fraud, or has otherwise violated university rules.

**(4)** Only allegations stated in the complaint shall be considered at the various stages of deliberation.

**(5)** A complaint may be filed with a department chair, a dean, the provost or the president. If a complaint is filed with the dean, provost, or president, it shall be immediately referred to the appropriate department chair for initial review. A complaint against a faculty member in a college without departments shall be referred directly to the dean of the college. If a complaint is filed against a regional campus faculty member, the regional campus dean shall serve jointly with the department chair in the initial review. The regional campus dean and the department chair must agree that there is probable cause for the case to go forward.

**(C)** Review by the department chair.

**(1)** The department chair shall review the allegations in the complaint and discuss the matter with the complainant and with the respondent.

**(2)** If the chair determines that there is probable cause to believe that the allegations are true and that it is not appropriate to reach an informal resolution, the chair shall refer the matter to the dean.

**(3)** If the chair determines that there is not probable cause to believe that the allegations are true, the chair shall dismiss the complaint. In this event, the complainant may appeal the dismissal to the dean. The appeal must be in writing and must be filed with the dean within twenty-one days after the notice of the chair's decision was mailed. In the event of an allegation of grave misconduct, research misconduct, or nontrivial financial fraud, the chair shall refer the matter to the dean.

**(4)** The chair shall make every effort to complete the review in fourteen days.

**(D)** Review by the dean.

**(1)** Upon receipt of an appeal or a referral of a complaint from a department chair, the dean shall review the allegations in the complaint and discuss the matter with the complainant and the respondent.

**(2)** If the dean determines that there is probable cause to believe that the allegations are true and that it is not appropriate to reach an informal resolution, the dean shall refer the matter to the college investigation committee.

**(3)** If the dean determines that there is not probable cause to believe that the allegations are true, the dean shall dismiss the complaint. The proceedings shall terminate at this point except in cases involving faculty members in colleges without departments or in the event of an allegation of grave misconduct, research misconduct, or nontrivial financial fraud. In the case of colleges without departments, the complainant may appeal a dismissal by the dean to the college investigation committee. The appeal must be in writing and must be filed with the dean within twenty-one days after the dean's decision was mailed to the complainant. Upon receipt of an appeal the dean shall immediately forward the appeal to the college investigation committee, which shall proceed in accordance with paragraph (E) of this rule. In the case of an allegation of grave misconduct, research misconduct, or nontrivial financial fraud, the matter shall be forwarded to the college investigation committee.

**(4)** The dean shall make every effort to complete the review in fourteen days.

**(E)** The college investigation committee.

**(1)** Each college shall establish a procedure for the creation of a standing college investigation committee, which shall consist of tenured faculty members. A college may include on its college investigation committee tenured faculty members from other colleges.

**(2)** Upon receipt of a referral of a complaint from the dean, the college investigation committee shall meet with the complainant and the respondent and shall review any documentary evidence provided by these parties. The respondent shall be given copies of any documentary evidence provided to the committee by the complainant. The committee may also obtain relevant information from other persons, but shall protect the confidentiality of the proceedings. At the conclusion of its investigation, the committee shall deliver to the dean its findings, a recommendation concerning the merits of the complaint and, if the complaint is judged to have merit, a proposed sanction. Findings of the committee shall be based on clear and convincing evidence.

**(3)** Any proposed sanctions shall be commensurate with the nature of the complaint. Sanctions of a continuing nature must include time limitations and an annual review. Sanctions include but are not limited to:

**(a)** Verbal reprimand;

**(b)** Written reprimand;

**(c)** Mandatory counseling or other rehabilitation;

**(d)** Reimbursement for damages to or destruction of university property, or for misuse or misappropriation of university property, services or funds;

**(e)** Reassignment of duties or other restrictions on duties or privileges;

**(f)** Restriction of access to university property or services, the abuse of which led to the complaint;

**(g)** Reduction of salary base not to exceed thirty-three percent for one-year;

**(h)** Reduction of twelve-month appointment to nine- month appointment;

**(i)** Combination of above sanctions;

    **(j)** Dismissal of non-tenured faculty; and

    **(k)** Dismissal of tenured faculty.

**(4)** The committee may recommend termination of employment of tenured faculty members only in demonstrated cases of gross incompetence or, grave misconduct, research misconduct, or nontrivial financial fraud.

**(5)** The committee shall make every effort to complete its investigation and submit its report within forty-five days.

**(F)** Decision by the dean.

  **(1)** After reviewing the report and recommendation of the college investigation committee, the dean may:

    **(a)** Dismiss the complaint;

    **(b)** Uphold the committee's recommendation and proposed sanction;

    **(c)** Uphold the committee's recommendation with what would reasonably be interpreted as an equivalent or lesser sanction.

  **(2)** If the college investigation committee has recommended a sanction other than termination of employment, the dean may not increase the sanction to termination of employment except in the case of grave misconduct, research misconduct, or nontrivial financial fraud.

  **(3)** The dean shall make a decision in thirty days.

  **(4)** Except in the case of grave misconduct, research misconduct, or nontrivial financial fraud, if the dean dismisses the complaint, the proceedings shall be terminated and the matter closed. The dean shall refer all cases of grave misconduct, research misconduct, and nontrivial financial fraud, to the provost.

  **(5)** The respondent may appeal any decision or sanction to the provost.

  **(6)** An appeal by the respondent must be in writing and must be filed with the provost within twenty-one days after notice of the dean's decision was mailed.

**(G)** Review of appeals by the executive vice president and provost.

  **(1)** After reviewing the record of a case appealed by a respondent or referred by the dean, the executive vice president and provost may:

    **(a)** Dismiss the complaint;

    **(b)** Uphold the dean's decision and proposed sanction;

    **(c)** Uphold the dean's decision with what would reasonably be interpreted as an equivalent or lesser sanction.

    **(d)** In the case of grave misconduct, research misconduct, or nontrivial financial fraud, increase the sanction.

    **(e)** In the case of grave misconduct, research misconduct, or nontrivial financial fraud , reverse the dean's decision and impose a sanction.

**(2)** The executive vice president and provost shall make every effort to reach a decision within fourteen days.

**(3)** If the executive vice president and provost upholds the dean's decision and proposed termination of employment, or if the executive vice president and provost modifies a sanction that is less than termination, the respondent may appeal to the faculty hearing committee. In all other cases, the executive vice president and provost's decision shall be final.

**(4)** An appeal by the respondent must be in writing and must be filed with the faculty hearing committee within twenty-one days after notice of the executive vice president and provost's decision was mailed.

**(H)** The faculty hearing committee.

**(1)** Within thirty days of receipt of an appeal from a respondent the faculty hearing committee which is established by rule 3335-5-48.10 of the Administrative Code, shall convene a hearing panel to consider the complaint. The respondent and the provost or designee may each make one peremptory challenge to the seating of one person on the hearing panel and one peremptory challenge to the selection of a presiding officer.

**(2)** The hearing panel may restrict the attendance of persons at the proceedings. However, the respondent and the provost shall have the right to have one observer of their choosing present at all times.

**(3)** Respondents shall have the right to be represented by legal counsel or any other person of their choice, to examine the witnesses and evidence against them, to present witnesses and evidence on their own behalf, and to refuse to testify or be questioned in the proceedings without prejudice to their cause.

**(4)** The provost, or designee, shall present the case to the hearing panel. In presenting the case, the provost may be advised by the general counsel.

**(5)** The hearing panel shall receive testimony and other evidence as it deems to be material and relevant to the issues before it.

**(6)** An electronic recording shall be kept of all proceedings at the hearing panel. The recording shall be conveyed by the chair of the faculty hearing committee to the office of the executive vice president and provost.

**(7)** At the conclusion of the proceedings, the hearing panel shall make separate written findings of fact with respect to each substantive issue raised at the hearing and a recommendation as to a sanction, if any, to be imposed. Such findings of fact and recommendation, together with a recording of the proceedings, shall be transmitted to the president of the university and to the respondent. Findings of the hearing panel shall be based on clear and convincing evidence.

**(8)** The hearing panel will not be bound by the findings of the college investigation committee or the executive vice president and provost.

**(9)** The hearing panel may recommend termination of employment of tenured faculty members only in demonstrated cases of gross or incompetence, grave misconduct, research misconduct, or nontrivial financial fraud.

**(10)** The hearing panel shall make every effort to conclude the proceedings within sixty days.

**(I)** The president.

**(1)** Upon receipt of the written findings of fact and recommendation and a record of the proceedings from a hearing panel, the president shall review the matter. The president may:

**(a)** Dismiss the complaint;

**(b)** Impose any sanction less than termination of employment whether or not it accords with the recommendation of the hearing panel;

**(c)** Recommend to the board of trustees termination of employment on such terms and conditions as the president may deem advisable;

**(d)** Remand the case to the hearing panel for reconsideration.

**(2)** Any decision of the president shall be communicated in writing to the hearing panel and to the respondent.

**(J)** Board of trustees.

The board of trustees, in reviewing and deciding upon a case in which termination of employment has been recommended, has the ultimate

authority to take that action necessary to promote the best interest of the university and to protect the rights of the individual. In such cases, the board shall give the respondent an opportunity to present to it arguments in writing, or in person, or both.

## Statutory Authority

### Effective:

06/19/2015.

### Promulgated Under:

111.15.

### Statutory Authority:

3335.

### Rule Amplifies:

3335.08

### Prior Effective Dates:

03/13/1978, 08/08/1978, 01/28/1980, 07/01/1984, 06/16/1986, 02/14/1991, 03/23/1992, 01/31/1994, 07/11/1996, 03/26/1998, 05/23/1999, 09/28/2000, 07/01/2005, 08/05/2005, 10/12/2011, 7/25/2013.

OHIO ADMINISTRATIVE CODE
Copyright© 2022 All rights reserved.

**End of Document**