UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Mitchell, Ph.D., | : | |
| Plaintiff., | : | Case No. 2:19-cv-04162 |
| v. | : | Judge Sarah D. Morrison |
| The Ohio State University, et. al. | : | Magistrate Judge Chelsey M. Vascura |
| Defendants. | : | |

### AFFIDAVIT AND CERTIFICATION OF JESSICA EVELAND

State of Ohio            )
                         ) SS:
County of Franklin)

I, Jessica Eveland, being first duly cautioned and sworn, avers that the following is based on my personal knowledge, information and belief.

1. I am Secretary for The Ohio State University Board of Trustees and its custodian of records.

2. With the exception of the exhibit sticker, subject to protective order caption and bates numbers, the document attached as Exhibit A is a true and correct copy of the President's recommendation to the University Board of Trustees on the employment of Dr. Mitchell

3. With the exception of the exhibit sticker, subject to protective order caption and bates numbers, the document attached as Exhibit B is a true and correct copy of The Academic Affairs and Student Life Committee report to the University Board of Trustees on August 30, 2019.

1

**EXHIBIT C**

4. With the exception of the exhibit sticker, subject to protective order caption and bates numbers, the document attached as Exhibit C is a true and correct copy of the University Board of Trustees Resolution No. 2020-34 "Disciplinary Action of a University Faculty Member."

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jessica Eveland

Sworn before me and subscribed in my presence this 24th day of February 2023.

_____
Notary Public

My Commission Expires: no expiration



AMY NASH GOLIAN
Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

2

Subject to Protective Order

**THE OHIO STATE UNIVERSITY**

Office of the President

205 Bricker Hall
190 North Oval Mall
Columbus, OH 43210-1357

614-292-2424 Phone
614-292-1231 Fax

TO: Board of Trustees

CC: Professor Deborah Mitchell
Caroline Clark, Chair, Faculty Hearing Panel
Bruce McPheron, Executive Vice President and Provost
Anil Makhija, Dean, Fisher College of Business

FROM: Michael V. Drake, MD

DATE: July 31, 2019

RE: Faculty Hearing Panel's review of Professor Deborah Mitchell's appeal

As set forth under Faculty Rule 3335-5-04(I), upon receipt of the written findings of fact and recommendation and a record of the proceedings from the faculty hearing panel considering the appeal of termination of a faculty member, I am recommending to the board of trustees termination of Professor Deborah Mitchell's employment at The Ohio State University due to misconduct relating to her personal company and her position within Fisher Executive Education. This matter has had multiple levels of university reviews and appeals, and I concur with the recommendation for termination. Below is a summary of the case.

For background, on January 3, 2017, a complaint under Faculty Rule 3335-5-04 was filed against Deborah Mitchell, Clinical Professor for the Department of Marketing & Logistics in the College of Business, alleging she violated the Faculty Conflict of Commitment and Faculty Financial Conflict of Interest Policies and the "no solicitation clause" in her contract with Fisher Executive Education (Fisher EE) relating to her work with the Ohio Department of Medicaid (ODM). The complaint claims that, after serving as an Academic Director on a project for ODM through the Fisher EE program, Mitchell improperly steered a $1.6 million project with the Ohio Department of Medicaid to CypressTree Corporation — a company she founded and of which she currently serves as President.

**EXHIBIT A**

OSU_000978

And because of the seriousness of the alleged conduct, the complaint alleged that Professor Mitchell's actions constituted grave misconduct under Faculty Rule 3335-5-04(A)(4). Grave misconduct is defined as "flagrant, egregious, and willful misbehavior in violation of the law or established university rules or policies. Allegations of grave misconduct shall be judged on the basis of acts or omissions which seriously impair the effectiveness of a faculty member to meet his or her obligations as a faculty member."

In accordance with Faculty Rule 3335-5-04(C), complaints are initially referred to the faculty member's department for review. On February 10, 2017, Thomas Goldsby, Chair of the Department of Marketing & Logistics, made a determination that there was probable cause to advance the matter to the Dean of the College of Business. Dean Anil Makhija referred the matter to the College of Business Investigation Committee (CoBIC) on February 26, 2018, for its review and investigation pursuant to Faculty Rule 3335-5-04(D).

On July 12, 2018, following a more than four month investigation conducted pursuant to Faculty Rule 3335-5-04(E) and in a 4-0 decision, the CoBIC made the following findings and recommended termination:

- Mitchell engaged in grave misconduct with respect to violating the Faculty Financial Conflict of Interest Policy in entering into contracts with the Ohio Department of Medicaid.
- Mitchell engaged in misconduct (but not grave) with respect to violating the Conflict of Commitment Policy.
- There is lack of evidence to support a finding that Mitchell violated the "no solicitation" clause related to Fisher Executive Education.

In making the above findings, CoBIC specifically determined that Professor Mitchell's misconduct was flagrant, egregious, and willful because, among other things:

> "[She] offered services for [Ohio Department of Medicaid (ODM)] involving elements (content and delivery) clearly in competition with Fisher [Executive Education (EE)] and because Mitchell should have reasonably known (based on prior experiences) to at least seek consultation from Fisher before proceeding. Second, Mitchell removed [certain slides] in materials submitted to the '04 Committee for evaluation –slides which provided important information about the nature of [her services] to ODM, especially the extent to which it overlapped with services that Fisher EE could provide. Third, Mitchell did not use her role as Academic Director [within Fisher] to help Fisher EE retain ODM [as a client]. Instead, Mitchell allowed her Fisher EE role to be confounded with her consulting practice to land the ODM contract."

2

**Subject to Protective Order**

The matter returned to Dean Makhija for his review pursuant to Faculty Rule 3335-5004(F), and he concurred with the findings and recommended sanction of termination and issued his decision on August 17, 2018. Following an appeal from Professor Mitchell, Executive Vice President and Provost Bruce McPheron upheld the findings and sanction on November 19, 2018. Provost McPheron noted that:

> [G]iven the investigation conducted by the College Investigation Committee, which considered the matter for more than four months, interviewing six College of Business faculty and staff (in addition to [Professor Mitchell]), and sifting through and examining various relevant documents, in this specific matter I concur with the finding on the merits made by the Committee. Indeed, in my review of the appeal, I conclude that the Committee and Dean conducted a fair determination, acted responsibly, and followed the procedures set forth in Faculty Rule 3335-5-04.

As set forth under Faculty Rule 3335-5-04(G)(3), Professor Mitchell appealed the termination decision to the University-wide Faculty Hearing Panel. A three-person panel was convened and a hearing conducted on April 29, 2019, with both Professor Mitchell and the Provost Office in attendance to present their respective positions. Three witnesses also presented testimony and the Panel reviewed more than 50 multi-page exhibits. In accordance with Faculty Rule 3335-5-04 (H)(8), the Hearing Panel is not bound by the findings of the college investigation committee nor the Executive Vice President and Provost.

On May 1, 2019, the Faculty Hearing Panel issued its findings of fact. In a unanimous decision, the Panel concurred with the Provost's findings and sanction of termination.

In making this finding, the Panel concluded that Dr. Mitchell's failure to consult with the Fisher College of Business about the Ohio Department of Medicaid's request for additional services and her ongoing failure to comply with the Faculty Paid Consulting Policy and the Patterns of Administration in the Department of Marking and Logistics rose to grave misconduct as such conduct was flagrant, egregious, and willful.

In particular, the Panel noted that "had Dr. Mitchell simply been forthcoming about her continuing work with ODM, she would have been alerted to key university policies related to consulting, ethics, and conflict of interests. Instead, Dr. Mitchell knowingly continued this relationship with ODM over time without reporting it to Fisher College of Business. This failure to consult directly with the College in conjunction with her continued failure to explicitly report these activities demonstrates a flagrant, willful, and egregious pattern of behavior that constitutes clear and convincing evidence of grave misconduct."

3

**OSU_000980**

Subject to Protective Order

In addition, the Panel found that Dr. Mitchell's claim that "she did not comply with this or other related policies because she was not informed and did not know that that she had do so…strains the credulity of the hearing panel. Based on her CV and her own testimony, Dr. Mitchell has over 30 years of experience working in business schools at some of the most prestigious institutions of higher education in the country…These experiences, alone, should make her keenly aware of policies related to potential conflicts of interest between university faculty and businesses in consulting relationships."

As set forth under Faculty Rule 3335-5-04(I), upon receipt of the written findings of fact and recommendation and a record of the proceedings from the faculty hearing panel, I am to review the matter and take one of the following actions:

- Dismiss the complaint;
- Impose any sanction less than termination of employment whether or not it accords with the recommendation of the hearing panel;
- Recommend to the board of trustees termination of employment on such terms and conditions as the president may deem advisable;
- Remand the case to the hearing panel for reconsideration.

The decision to terminate a faculty member should not be done lightly, and all facts and circumstances should be sifted and weighed. Here, it is critical to note that throughout the process, the Dean of the College of Business and all three members of its Investigation Committee, the Provost, and all three members of the Faculty Hearing Panel have all found grave misconduct related Professor Mitchell's behavior and have recommended termination.

In my review of the matter, including the documents provided by Professor Mitchell, I find no basis to modify the findings above. I therefore agree with the findings made against Professor Mitchell that there is "clear and convincing evidence" that her conduct rises to grave misconduct.

Like the Provost, I too note the gravity of Professor Mitchell's conduct and the conflict in entering into a contract with the Ohio Department of Medicaid. As noted by Provost McPheron, "faculty have a responsibility to inform their supervisors of external work, in particular those related to one's area of expertise, and to disclose potential conflicts of interests. Such notification and approval, among other things, protects the University from outside activities that competes against its interests and assists the faculty member from running afoul of conflicts of interests and the Ohio Ethics Laws." By deciding to continue a relationship and enter into a contract with ODM, without reporting it to the chair, dean, or others in authority within Fisher Executive Education, Professor Mitchell elected to pursue a matter in her role as President of CypressTree that competed directly with the interests of the Fisher College of Business.

4

OSU_000981

**Subject to Protective Order**

Put simply, given the record of the proceedings, I am recommending to the board of trustees termination of Professor Mitchell's clinical appointment and employment at The Ohio State University.

Upon receipt of my recommendation, "the board of trustees, in reviewing and deciding upon a case in which termination of employment has been recommended, has the ultimate authority to take that action necessary to promote the best interest of the university and to protect the rights of the individual. In such cases, the board shall give [Professor Mitchell] an opportunity to present to it arguments in writing, or in person, or both."

Please let me know if you have any questions.

5

OSU_000982

**Subject to Protective Order**

August 30, 2019, Board of Trustees meeting

THE OHIO STATE UNIVERSITY

OFFICIAL PROCEEDINGS OF THE

ONE THOUSAND FIVE HUNDRED AND SECOND

MEETING OF THE BOARD OF TRUSTEES

Columbus, Ohio, August 29, 2019
Wooster, Ohio, August 30, 2019

The Board of Trustees met on Thursday, August 29, 2019, at the Longaberger Alumni House in Columbus, Ohio, and Friday, August 30, at the Wooster Campus in Wooster, Ohio, pursuant to adjournment.

\*\*     \*\*     \*\*

Minutes of the last meeting were approved.

1

**EXHIBIT B**

OSU_001701

**Subject to Protective Order**

August 30, 2019, Board of Trustees meeting

impressive but extremely knowledgeable in such unusual subjects as the import/export laws of the United States and the regulations thereunder. Given the number of international students and the high priority of research done at the university, we have to comply with those regulations as well.

The long and the short of it is that we had a discussion in our committee meeting about the need for the university to increase its flexibility in responding to and being ahead of these regulatory changes that are coming with great rapidity. It will be important to not only comply with the law, but also protect the reputation of Ohio State. I assure you that there is great focus on this subject and very fine people working on it.

We also have an issue in our society today around integrity and ethics. Thanks to the provost and his leadership and Gates Garrity-Rokous, our Director of Compliance, and Susan Basso, our head of Human Resources, there is a focus on and initiative to reinforce throughout the academic experience the importance of integrity and ethics. We were given a report on that progress. There will be a survey undertaken as a core part of presenting the revised program on ethics and integrity at the university. When I asked the question, I was startled to learn that more than 100,000 people will be asked to share their understanding of ethics, their sense of responsibility, and in particular, the programs that already exist that positively impact their experience. From that survey, which will be conducted this fall, a more comprehensive program on ethics and integrity will be developed.

For those who are unfamiliar with our board processes, all of that occurred in our public session. In the so-called executive session, we consider issues that are legally appropriate for dealing with in confidential session and those oftentimes involve litigation or exposure for the university, which our committee deals with regularly. As such, our committee recessed into executive session and concluded our committee work.

Mr. Chairman, that concludes my report.

Mr. Smucker:

Thank you, Mr. Zeiger. Any questions? Mr. Shumate, the Academic Affairs and Student Life Committee.

<u>Academic Affairs and Student Life</u>

Mr. Shumate:

Thank you, Mr. Chairman. The Academic Affairs and Student Life Committee met yesterday and discussed a variety of items related to our faculty, students, academic mission and strategy. Dr. McPheron introduced several new university leaders including three new Deans: Lincoln Davies of the Moritz College of Law, Amy Fairchild of the College of Public Health and Gretchen Ritter of the College of Arts and Sciences. We also welcomed Katherine Lasher as the Associate Vice President of the Office of Institutional Equity and recognized Molly Ranz Calhoun as Interim Senior Vice President for the Office of Student Life.

25

OSU_001725

**Subject to Protective Order**

August 30, 2019, Board of Trustees meeting

Reflecting on our theme for this meeting, Dr. McPheron gave a presentation on Ohio State's land-grant mission in action and how the university works to create, disseminate and apply knowledge in the service of the public good. In alignment with Dr. Paz's presentation at the Wexner Medical Center, Dr. McPheron highlighted the university's broad work on the opioid addiction crisis as an example of how Ohio State is pursuing its land-grant mission today through teaching, research and engagement. The university takes a comprehensive approach that includes addiction-related work throughout Ohio State's 15 colleges as well as our medical center.

Two faculty members shared some of their work as well. Dr. Bridget Freisthler of the College of Social Work runs a research program that focuses on how to prevent and reduce substance abuse problems at the community level. And Dr. Ayaz Hyder from the College of Public Health described a project that provides real-time maps that link overdose data, healthcare provider data and bed availability information.

Molly Ranz Calhoun then shared a presentation on building practical skills through involvement, which highlighted how students build confidence and learn leadership and problem-solving skills by getting involved. Jordan Davis, an impressive young alumna who is now the Director of Smart Columbus, shared her story of how her experience as an incredibly involved student at Ohio State translated into an exciting career.

Finally, the committee reviewed three items, which are on the consent agenda today. First, we approved the reaffirmation of the Preferred Pathways Program with Columbus State Community College. Columbus State President David Harrison joined our meeting to talk about the program, which has 82 aligned academic pathways for students and is bringing up to 600 transfer students each fall. Second, we approved the standard set of faculty personnel actions, including the appointment of Greg Rose as OSU-Marion Dean and Executive Dean of the Regional Campuses.

Lastly, we are recommending the termination of Deborah Mitchell, a clinical associate professor at Fisher College of Business. Through an extensive and thorough investigation and a review process pursuant to Faculty Rule 3335-5-04 of the Administrative Code, the university found that Professor Mitchell was engaged in grave misconduct related to the faculty financial conflict of interest policy.

These actions, as I mentioned, appear on the consent agenda today. After approving these items, the committee recessed into executive session and that concludes my report, Chairman Smucker.

***

### ELECTION OF OFFICERS

Mr. Smucker:

Before we move onto our consent agenda, it is time for our annual Election of Officers. Mr. Shumate, I would you like to ask you to walk us through the process.

OSU_001726

**Subject to Protective Order**

August 30, 2019, Board of Trustees meeting

THE OHIO STATE UNIVERSITY

OFFICIAL PROCEEDINGS OF THE

ONE THOUSAND FIVE HUNDRED AND SECOND

MEETING OF THE BOARD OF TRUSTEES

Columbus, Ohio, August 29, 2019
Wooster, Ohio, August 30, 2019

The Board of Trustees met on Thursday, August 29, 2019, at the Longaberger Alumni House in Columbus, Ohio, and Friday, August 30, at the Wooster Campus in Wooster, Ohio, pursuant to adjournment.

\*\*          \*\*          \*\*

Minutes of the last meeting were approved.

1

**EXHIBIT C**

OSU_001701

**Subject to Protective Order**

August 30, 2019, Board of Trustees meeting

### DISCIPLINARY ACTION OF A UNIVERSITY FACULTY MEMBER

Resolution No. 2020-34

Synopsis: Disciplinary action of a university faculty member, is proposed.

WHEREAS it is the responsibility of the Board of Trustees, pursuant to section 3335.09 of the Ohio Revised Code, to remove professors and other employees as necessary; and

WHEREAS pursuant to Faculty Rule 3335-5-04 of the Administrative Code a formal complaint of grave misconduct was brought against Dr. Deborah Mitchell, a Clinical Associate Professor in The Ohio State University Fisher College of Business; and

WHEREAS the complaint was reviewed and investigated at each step of the process set forth in Faculty Rule 3335-5-04; and

WHEREAS the Chair of Dr. Mitchell's department and the Dean of the Fisher College of Business successively reviewed and advanced the complaint in accordance with Faculty Rule 3335-5-04(C) and (D); and

WHEREAS the Fisher College of Business College Investigation Committee investigated the complaint, determined that there was clear and convincing evidence to support a finding of grave misconduct against Dr. Mitchell, and recommended termination of employment based on that finding in accordance with Faculty Rule 3335-5-04(E); and

WHEREAS the Dean of the Fisher College of Business upheld the Committee's recommendation and proposed sanction in accordance with Faculty Rule 3335-5-04(F); and

WHEREAS on appeal from Dr. Mitchell, the Provost reviewed the matter and upheld the Dean's decision and sanction in accordance with Faculty Rule 3335-5-04(G); and

WHEREAS on appeal from Dr. Mitchell, the Faculty Hearing Committee selected a faculty panel that held a hearing and thereafter determined that there was clear and convincing evidence to support a finding of grave misconduct against Dr. Mitchell, and recommended termination of employment based on that finding in accordance with Faculty Rule 3335-5-04(H); and

WHEREAS upon receipt of the Faculty Hearing Committee's decision and additional arguments from Dr. Mitchell, University President Michael V. Drake reviewed the matter and recommended termination of employment to the Board of Trustees in accordance with Faculty Rule 3335-5-04(I); and

WHEREAS Dr. Mitchell presented additional arguments to the Board of Trustees in writing in accordance with Faculty Rule 3335-5-04(J); and

58

OSU_001758

Subject to Protective Order

August 30, 2019, Board of Trustees meeting

WHEREAS the Board of Trustees, acting through Committee, deliberated based on consideration of the evidence in the record as well as the information provided by Dr. Mitchell in accordance with Faculty Rule 3335-5-04(J):

NOW THEREFORE

BE IT RESOLVED, That the Board of Trustees hereby approves that effective August 30, 2019, Dr. Deborah Mitchell's faculty appointment and employment with The Ohio State University be terminated.

(See Appendix XXX for background information, page XXX)

***

### APPROVAL OF FISCAL YEAR 2020 FINANCIAL PLAN

Resolution No. 2020-35

Synopsis: Approval of the financial plan for the fiscal year ending June 30, 2020, is proposed.

WHEREAS the state of Ohio Biennial Budget for state fiscal years 2020 and 2021, including funding levels for state institutions of higher education, was signed into law on July 17, 2019; and

WHEREAS tuition and fee levels for the Columbus and regional campuses for the fiscal year ending June 30, 2020, were approved at the July 10, 2019, Board of Trustees meeting; and

WHEREAS the president now recommends approval of the financial plan for the university for the fiscal year ending June 30, 2020:

NOW THEREFORE

BE IT RESOLVED, That the Board of Trustees hereby approves the university's financial plan for the fiscal year ending June 30, 2020, as described in the accompanying Fiscal Year 2020 Financial Plan book and authorizes the president to make expenditures within the projected income.

(See Appendix XXX for background information, page XXX)

***

### AMENDMENTS TO THE BYLAWS OF THE OHIO STATE UNIVERSITY BOARD OF TRUSTEES

Resolution No. 2020-36

Synopsis: Approval of the attached amendments to the Bylaws of the Ohio State University Board of Trustees, is proposed.

OSU_001759