IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Deborah Mitchell, Ph.D., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:19-cv-04162 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| The Ohio State University, et.al., | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendants. | : | |

**DEFENDANT'S MEMORANDUM CONTRA
PLAINTIFF'S MOTION FOR LIMITED DISCOVERY**

Defendant opposes Plaintiff's motion for leave to conduct additional "damages" discovery. First, only expert witness discovery has ever been excepted from the discovery cut off. Second, there's no reason why the requested fact discovery could not have been completed prior to one of the numerous discovery cut offs in this matter. In fact, Plaintiff did conduct discovery on the requested matters; she simply wants to redo and expand that discovery. The request should be denied.

**A.      Only Damages Experts Were Excepted from the Discovery Cut Offs**

Beginning with the parties' 26(f) report (ECF 25, PageID 202) and the Court's Preliminary Pretrial Order (ECF 26, PageID 206), and through the parties' subsequent motions to amend (ECF 42, 58, 61, 62, 64, 64), only the identification and depositions of expert witnesses on damages has been bifurcated from the discovery cut off. According to this Court penultimate pretrial order, experts must be identified 90 days before trial. (ECF 156, PageID 5226.)

Defendant joined Plaintiff's motion to move the trial date (ECF 157) to give the parties more time to retain their damages experts and commission reports. At that time, Plaintiff had identified three damages experts. The possibility of Defendant having to retain three rebuttal

1

experts and the prospect of six expert reports and six expert depositions did in fact suggest that relatively extensive *damages expert* discovery would be required—discovery that could not be completed by the January 5 trial date.

**B.     Both Parties Conducted Fact Discovery on Damages Before the Discovery Cut Off**

Consistent with the above, both parties conducted fact discovery on Plaintiff's claimed damages before the discovery cut off. Defendant conducted its fact discovery on damages against Plaintiff, who possessed the information on her claimed damages. For her part, Plaintiff deposed Dean Makhija on his decision to accept the faculty recommendation that Plaintiff not be given another three-year appointment. (ECF 86-1, PageID 1072-1076.)  Supplemental compensation data was also discussed or available to be discussed. (Id., PageID 1314.) Thus, this is not a case where Plaintiff has been denied the opportunity to conduct fact discovery on damages. Plaintiff simply wants another bite at the apple.

**C.     Plaintiff's Proposed Discovery is Irrelevant and Unduly Burdensome**

Turning to Plaintiff's proposed discovery (Exhibit A) it is immediately clear that her interrogatories are seeking still more discovery about *other* professors, not even her own damages.

**1.     Plaintiff's Proposed Interrogatories**

Plaintiff's proposed interrogatories seek information about *other* faculty members, not information about her own pay, which she presumably has.

**a.     Proposed Interrogatory 1:  Salary Data for Other Faculty**

Plaintiff already has her own pay history and should be able to use it to extrapolate her alleged lost wages. In seeking to compare herself to other faculty, Plaintiff is seeking to fold yet another trial within a trial in this matter. As things stand, in addition to the trial on Plaintiff's dismissal, there will be mini trials on Plaintiff's comparators, her reappointment, and now

2

potentially what other faculty were paid. This is unnecessary, as Plaintiff has her own salary history.

Plaintiff already has her raise letter for Academic Year (AY) 2019-2020, which would run for payroll purposes from September 1, 2019 to August 31, 2020. (Exhibit B.)[1] This would have been the last year on Plaintiff's then-existing three-year contract, had she not been dismissed, effective August 30, 2019, or just prior to the start of her last contract year.[2] Thus, Plaintiff already knows what her raise was for the last year of her contract.

Assuming that Plaintiff would have been reappointed for another three-year term, that contract would run for payroll purposes from AY 2020-2021 (September 1, 2020 to August 31, 2021); AY 2021-2022 (September 1, 2021 to August 31, 2022); and AY 2022 (September 1, 2022 to August 31, 2023). As Exhibit B makes clear, raises are based on individualized determinations of scholarly contributions, making comparison data irrelevant and any request for it unduly burdensome.

### b. Proposed Interrogatory 2: Supplemental Compensation Data

Proposed Interrogatory 2 seeks extensive data on all the supplemental compensation paid to all of the Fisher College of Business Faculty. Supplemental compensation paid to other faculty is irrelevant to Plaintiff's alleged damages. Plaintiff has her own pay history concerning the

---

[1] Some faculty have 9-month appointments (September-May), while other faculty have twelve-month appointments. In any case, they are often paid on a twelve-month cycle. The parties should each have this information and can figure it out. Dean Makhija gave Plaintiff the largest raises of her career at the University: 2.5% per year during the last two years of her employment.

[2] Plaintiff's reappointment was considered by her former colleagues in April of 2019. She received notice of non-reappointment in May of 2019, a little over a year before her then-current contract was set to expire. Plaintiff was dismissed in August of 2019 before she could complete her last contract year, which would have run at least for payroll purposes from September 1, 2019 to August 31, 2020.

3

supplemental compensation she received. Her damages projections should be based on her pay history, not the unique circumstances of other faculty. In any case, Plaintiff had ample opportunity to explore this topic within one of the many discovery periods. In fact, as noted above, such data was part of Dean Makhija's deposition.

2. **Plaintiff's Document Requests Concerning Her Non-Reappointment**

A review of Plaintiff's proposed document requests leaves no doubt that they are aimed at liability, not damages. There is no reason why Plaintiff could not have conducted this discovery within the multiple discovery cut offs in this matter. In fact, Plaintiff deposed Dean Makhija (the decision maker) concerning his decision to accept the faculty recommendation not to reappoint Plaintiff. (ECF 86-1, PageID 1072-1076.) Defendant does not intend to offer any evidence on Plaintiff's reappointment that is not already in the record.

Further, Plaintiff did not challenge her reappointment as a separate cause of action, something Defendant's Motion for Summary Judgment and Reply sought to point out. Out of an abundance of caution, Defendant moved for summary judgment on both liability and damages. (ECF 135, PageID 3718-3719; ECF 153, 5160-5161.) Although this could not have been a surprise to Plaintiff, if Plaintiff were somehow surprised, she could have sought a pause in the summary judgment briefing under Fed.R.Civ.P 56(f) to conduct additional discovery. She elected not to do so.

Plaintiff should not be given a "do over" given the extensive discovery already permitted in this case and the numerous discovery periods during which she had many opportunities to conduct discovery on her reappointment.

**3.     Depositions**

Defendant urges the Court not to permit any further depositions of fact witnesses. The Court has previously denied Plaintiff leave to take depositions that could have been completed prior to the discovery cut off. (ECF 100, PageID 1477.)  The result should be the same here.

Wherefore, Plaintiff's motion for leave should be denied.

respectfully submitted,

**DAVE YOST (0056290)**
ATTORNEY GENERAL OF OHIO


_____/s/ Christopher E. Hogan_____
Christopher E. Hogan               (0070236)
Trial Attorney
chogan@npkhlaw.com
Amy E. Kuhlman                      (0083194)
akuhlman@npkhlaw.com
Newhouse, Prophater, Kolman & Hogan, LLC
3366 Riverside Drive, Suite 103
Columbus, Ohio 43221
Telephone:    614/255-5441
Facsimile:    614/255-5446
*Outside Counsel for Defendants The Ohio State University, Michael V. Drake, MD., Bruce A. McPheron, Ph.D., Anil Mahkija, Ph.D., Walter Zinn, Ph.D., and Paul C. Velasco*

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 2, 2024 the foregoing was filed with the Clerk of Court via CM/ECF, which will also send such notification to:

Matthew J. Mueller
Fogarty, Mueller, Harris, PLLC
501 Kennedy Blvd., Suite 790
Tampa, FL 33602
*Counsel for Plaintiff*

Nicholas C. Vesha
Vesha Law Firm, LLC
38 South High Street
Dublin, Ohio 43017
*Counsel for Plaintiff*

John S. Marshall
Samuel M. Schlein
Marshall & Forman, LLC
250 Civic Center Drive, Suite 480
Columbus, Ohio 43215
*Counsel for Plaintiff*

    */s/ Christopher E. Hogan*
Christopher E. Hogan    (0070236)