FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MITCHELL, Ph.D., | : | Civil Action No. 2:19-cv-04162 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Sarah D. Morrison |
| v. | : | |
| | : | |
| THE OHIO STATE UNIVERSITY, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendant. | : | |

**PLAINTIFF DEBORAH MITCHELL'S REPLY TO DEFENDANT'S RESPONSE TO PLAINITFF'S MOTION TO COMPEL DISCOVERY**

Defendant The Ohio State University (OSU) characterizes Plaintiff Dr. Deborah Mitchell's (Dr. Mitchell) November 15, 2023, discovery requests as an attempt to "redo and expand discovery' and as "unduly burdensome" (Doc # 162 PAGEID 5259 and 5260). This is simply not so.  The discovery Dr. Mitchell seeks is narrowly tailored, limited, and necessary for the case to be decided on its merits, and was indeed contemplated by the Parties. Dr. Mitchell has sought three depositions limited to two hours, two interrogatories, and nine requests for documents. These are not burdensome requests and can be fully responded to in a timely manner. Additionally, the depositions could be completed in a single day. The burden on OSU is low, while the information that Dr. Mitchell seeks is necessary for a fair resolution of this case.

OSU argues that Dr. Mitchell could have and should have sought this information during the initial discovery phase, and that the damages discovery was not contemplated in the other Motions to Extend the case calendar. This is not so. The plan was to, in part, phase discovery between liability and damages to promote efficiency. This plan arose from several discovery disputes that arose throughout the case, coming to a head with Dr. Mitchell's Motion for Leave to take more than 10 depositions (Doc # 67) and Motion to Compel (Doc # 68) both of which were

denied without prejudice. (Doc # 69) After teleconference with the Court, Plaintiff's Motions were again denied in part (Doc # 71) which led to Plaintiff filing objections to the Magistrate Judge's Order (Doc #72) The objections were ruled on in December 2021, partially sustaining and partially overruling the objections. (Doc #80).

As these issues were being litigated and throughout the pendency of the case, the Parties understood that in order to complete discovery in an efficient and timely manner, they should focus mostly on liability-based discovery and save time and resources for damages in the event that the Court denied OSU's planned dispositive motion.

OSU further argues that Dr. Mitchell should have sought this discovery through a Fed.R.Civ.P. 56(f) motion. Dr. Mitchell did not do so because she knew that the Parties had agreed to allow for additional damages discovery after summary judgment was denied, and that the information she was seeking was tied to damages not liability. Of course, this Court had already significantly limited liability discovery—denying Plaintiff's motion to expand the number of depositions and limiting Plaintiff to a handful of depositions on written questions.

OSU's argument that the parties were only considering expert discovery when it sought their Motion to Extend in November is not supported by the Motion itself. Dr. Mitchell was able to obtain her expert report and provide their reports by the originally contemplated deadline of November 6, 2023. As of the date of this filing OSU has not sought to depose either of Dr. Mitchell's experts nor identified any of their own experts. Had the parties meant that the motion was only contemplating expert discovery they would have said so--instead, OSU agreed to the language in the motion, "A reasonable extension of the dates outlined in the Order by approximately 90 days would allow ***for completion of damages discovery***. During the pre-summary judgment discovery phase, the Parties engaged in predominantly liability-based discovery. The Parties determined that ***extensive damages discovery*** was required in this case. The Parties informed the Court

of this issue, and ***their plan to essentially bifurcate discovery*** into liability pre-summary judgment, and damages post summary judgment" (Emphasis added Doc # 157). OSU did not ask for any edits to the Motion. On October 23, 2023, Dr. Mitchell provided the draft and OSU responded "Thx. You can sign my name. Hopefully, we'll hear back in short order." This was not a hasty review or response by OSU. The joint motion was, in fact, a joint effort and culmination of emails and zoom calls between the parties, including one email to OSU which states, "Hi Chris and Amy: Hope all is well with you. It looks like the Court inadvertently omitted *the damages bifurcation* of the case in setting the trial schedule. Would you be available Friday afternoon around 2-230 to discuss?" See **Exhibit A** attached, email dated October 18, 2023 (Emphasis added).

      Finally, OSU misstates the purpose of her discovery requests. Dr. Mitchell is seeking information about whether OSU provided raises for professors who were in her same classification in the time from when she was terminated to the date of the trial. Dr. Mitchell is also seeking the average supplemental compensation earned for Executive Education work in the time from her termination to present. This is highly relevant information, that Dr. Mitchell intends to present to the jury to show that had she remained employed by OSU, she like the other professors would, or perhaps would not, have gotten raises, as well as presenting to the jury how much she likely would have earned working in the Executive Education program.

      Similarly, her Requests for Production of Documents seek limited information regarding communications surrounding the reappointment process. As the Court noted the reappointment process and its relationship to damages is not cut and dried but "is too a matter for a jury." (Doc # 155 PAGEID 5219) OSU first raised the argument that Plaintiff's damages are somehow cut-off because her contract was not renewed in their summary judgment briefing. The limited discovery sought will firmly establish that it was the discriminatory "O4" investigation against Plaintiff which resulted in 9 (out of 11) Department members abstaining on the contract renewal vote, thus sealing her fate.

The chief reason that the Parties sought a 90-day extension to the case calendar in October 2023, was to accommodate the limited additional damages discovery that they agreed to engage in after dispositive motions were denied. Once the Motion was granted Dr. Mitchell timely served additional discovery requests that should have been responded to by December 15, giving the Parties all of January to conduct the limited depositions while preparing for potential Motions *in limine* and other pre-trial work within the Court's Order. Even with OSU's objections, this Court's case schedule can easily be maintained should OSU be Ordered to produce documents and witnesses for deposition by no later than January 26 for discovery responses, and February 10 for depositions. For these reasons, Plaintiff respectfully requests an Order compelling Defendant OSU to respond to discovery served on November 15, 2023, as well as an Order allowing Plaintiff to take up to three depositions each lasting two hours or less.

Respectfully submitted:

/s/ John S. Marshall
John S. Marshall (0015160)
Samuel M. Schlein (0092194)
MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, OH 43215
Office: (614) 463-9790
Fax: (614) 463-9780
jmarshall@marshallforman.com


/s/ Nicholas C. Vesha
Nicholas C. Vesha (0085760)
Vesha Law Firm, LLC
38 South High Street
Dublin, Ohio 43017
Office: (614) 376-0266
Fax: (614) 467-3807
nicholas@veshalaw.com

/s/ Matthew J. Mueller
Matthew J. Mueller

Fogarty Mueller Harris, PLLC
501 E. Kennedy Street
Suite 790
Tampa, Florida 33602
Office: (813) 682-1730
Fax: (813) 682-1731
matt@fmhlegal.com
*Admitted Pro Hac Vice*
**COUNSEL FOR PLAINTIFF**
**DEBORAH MITCHELL**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed with the Court on this 5th day of January, 2024, using the CM/ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the court's filing system.

/s/ John S. Marshall_____
John S. Marshall (0015160)