UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBORAH MITCHELL,**

      **Plaintiff,**

  v.                                     **Civil Action 2:19-cv-4162**
                                                **Judge Sarah D. Morrison**
**THE OHIO STATE UNIVERSITY,** *et al.*,        **Magistrate Judge Chelsey M. Vascura**

      **Defendants.**

**OPINION AND ORDER**

Plaintiff, Deborah Mitchell, advances a claim for employment discrimination in violation of Title VII of the Civil Rights Act of 1964 against Defendant The Ohio State University. This matter is before the Court on Plaintiff's Motion for Limited Discovery (ECF No. 160.) For the following reasons, Plaintiff's Motion is **DENIED**.

        **I.**        **BACKGROUND**

Three years ago, the Court entered a Preliminary Pretrial Order on January 8, 2020 (ECF No. 26.) That Order stated in pertinent part as follows:

> All discovery shall be completed by December 31, 2020. For purposes of complying with this Order, the parties must schedule their discovery in such a way as to require all responses to be served prior to the deadline and must also file any motions relating to discovery within the discovery period.
>
> and
>
> With the exception of damages experts, primary expert reports, if any, must be produced by October 2, 2020. Rebuttal expert reports, if any, must be produced by November 2, 2020. Primary expert reports for damages experts must be produced within 30 days of the Court's decision on motions for summary judgment or within 30 days of the deadline for filing dispositive motions if none are filed. Rebuttal

> expert reports for damages experts must [be] produced within 30 days of the deadline for primary expert reports for damages experts.

(*Id.* at 2–3.) Thus, the Preliminary Pretrial Order set dates certain for the completion of all discovery with the exception of primary and rebuttal expert *reports* by damages experts. As a result, the Preliminary Pretrial Order did not contemplate that additional fact discovery to support damages expert reports would be conducted after the discovery deadline.

The parties sought and obtained several extensions of the case schedule, but the basic structure of the schedule—that only damages expert reports were excepted from the discovery deadline—remained unchanged. (*See* May 11, 2020 Order, ECF No. 43; December 21, 2020 Order, ECF No. 59; May 3, 2021 Order, ECF No. 62; August 6, 2021 Order, ECF No. 65; November 29, 2021 Order, ECF No. 76; June 22, 2022 Notation Order, ECF No. 84; November 8, 2022 Notation Order (no associated ECF No.)). The discovery deadline was ultimately extended to December 22, 2022, with the exception of the deposition of a single individual to take place no later than January 31, 2023. (June 22, 2022 Notation Order, ECF No. 84; November 8, 2022 Notation Order (no associated ECF No.)). The dispositive motions deadline was ultimately extended to February 28, 2023. (November 8, 2022 Notation Order (no associated ECF No.))

Defendant timely filed its Motion for Summary Judgment on February 28, 2023 (ECF No. 135), and the Court denied that motion on October 6, 2023 (ECF No. 155). As a result, primary damages reports were due 30 days later on November 5, 2023,[1] and rebuttal damages reports were due December 6, 2023. (August 6, 2021 Order, ECF No. 65.) Contemporaneously with the summary judgment decision, the Court set a trial date for January 8, 2024, with

---

[1] Because November 5, 2023, was a Sunday, the primary damages expert reports deadline was automatically extended to the following business day, November 6, 2023.

2

associated deadlines for motions in limine, a final pretrial conference, and other pre-trial motions and submissions. (ECF No. 156.)

On October 23, 2023, the parties filed a Joint Motion to Extend Dates in the Order Setting Jury Trial (ECF No. 157). Therein, the parties represented that "the Parties need additional time to conduct damages discovery, including, as the Court's previous Orders anticipated, the production of expert reports on economic and non-economic damages, rebuttal expert reports, and depositions of experts" and that "[t]he Parties determined that extensive damages discovery was required in this case. The Parties informed the Court of this issue, and their plan to essentially bifurcate discovery into liability pre-summary judgment, and damages post summary judgment." (*Id.* at 1.) The parties then requested extension of the deadlines in the Court's Order setting the January 8, 2024 jury trial and associated deadlines. (*Id.* at 2.) The Court granted that motion on October 30, 2023, re-setting the jury trial for April 22, 2024, and re-setting associated deadlines for motions in limine, a final pretrial conference, and other pre-trial motions and submissions. (ECF No. 158.) The parties' October 23, 2023 Motion (ECF No. 156) did not seek, and the Court's October 30, 2023 Order (ECF No. 158) did not grant, any extensions of the discovery or expert report deadlines.

On November 15, 2023, Plaintiff served Defendant with a set of interrogatories and requests for production of documents. (Pl.'s First Set of Interrogs. and Third Set of Reqs. for Produc. of Docs., ECF No. 160-1.) On December 7, 2023, Plaintiff contacted the undersigned's chambers seeking an informal discovery conference to resolve a dispute over Defendant's refusal to respond to these discovery requests. The undersigned informed the parties via email on December 11, 2023, that the discovery deadline had expired, and that any motions related to discovery needed to be made within the discovery period as directed by the Preliminary Pretrial

3

Order; therefore, Plaintiff must seek and obtain an extension of the discovery deadline before the undersigned would entertain the parties' discovery dispute.

Plaintiff filed the subject Motion for Limited Discovery on December 19, 2023. (ECF No. 160.) Therein, Plaintiff "moves the Court for permission to conduct limited discovery on the question of damages including an Order compelling Defendant . . . to respond to discovery served on November 15, 2023 . . ., as well as an Order allowing Plaintiff to take up to three depositions each lasting two hours or less regarding damages . . . ." (*Id.* at 1.) Plaintiff argues that additional damages discovery is appropriate because (1) the parties agreed from the outset of the case that damages discovery would be conducted following a decision on summary judgment, and (2) Defendant raised an argument (that Plaintiff's economic damages should be limited because no reasonable jury could find that Plaintiff's contract would have been renewed separate and apart from her termination) for the first time in its summary judgment briefing and fairness requires that Plaintiff be permitted to conduct limited discovery on that issue, including the November 15, 2023 written discovery requests and no more than three depositions. (*Id.* at 3–4.)

In opposition, Defendant asserts that "only the identification and depositions of expert witnesses on damages has been bifurcated from the discovery cut off" and "there's no reason why the requested fact discovery could not have been completed prior to one of the numerous discovery cut offs in this matter." (Def.'s Mem. in Opp'n 1, ECF No. 162.)

## II. ANALYSIS

A district court is required to enter a scheduling order that limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The

4

primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Plaintiff has not demonstrated good cause to modify the case schedule. First, Plaintiff has not shown diligence in attempting to meet the Court's deadlines. The undersigned does not agree that "the Parties informed the Court [that extensive damages discovery was required] and [of] their plan to essentially bifurcate discovery into liability pre-summary judgment, and damages post summary judgment." (Pl.'s Mot. 2, ECF No. 160.) Rather, the parties submitted a Rule 26(f) Report reflecting little agreement as to how discovery should proceed, with only Defendant requesting to defer expert witness discovery until after the Court's ruling on summary judgment. (*See* ECF No. 25.) Although Plaintiff contends that "the Parties understood that in order to complete discovery in an efficient and timely manner, they should focus mostly on liability-based discovery [prior to filing dispositive motions] and save time and resources for damages in the event that the Court denied OSU's planned dispositive motion" (Pl.'s Reply 2, ECF No. 163), that understanding is not reflected on the docket. And regardless of what the parties may have discussed, the Preliminary Pretrial Order, and every subsequent order extending the case schedule, was clear that damages expert reports—and only damages expert reports—were excepted from the overall discovery deadline.

5

In other words, Plaintiff had no reasonable basis to expect that written discovery requests or non-expert depositions would be available after summary judgment, and she therefore should have conducted all non-expert discovery before the December 22, 2022 deadline expired more than a year ago. Plaintiff offers no persuasive reason why she could not have done so. To the extent Plaintiff relies on arguments raised in Defendant's summary judgment briefing for additional discovery, the undersigned does not find those arguments so divorced from the other issues in the case that Plaintiff could not reasonably have anticipated the need to take discovery relevant to those arguments.

Second, Defendant would undoubtedly be prejudiced if the case schedule were extended at this time, given that the Court has already ruled on Defendant's dispositive motion and the trial is a mere three and a half months away. *See*, *e.g.*, *Leary*, 349 F.3d at 892 ("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."); *Sterling Jewelers Inc. v. Alex & Ani, LLC*, No. 5:17-CV-2540, 2019 WL 95842, at *3 (N.D. Ohio Jan. 3, 2019) ("Given that the periods for non-expert and expert discovery have expired, and the January 15, 2019 dispositive motion deadline is fast approaching, any extension of the discovery periods would have the cascading effect of jeopardizing the Court's remaining dates and deadlines."). And even if Defendant were not prejudiced by the extension, lack of diligence by the movant— the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625—should ordinarily carry more weight than lack of prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up).

Finally, Defendant contends that damages expert depositions—in addition to damages expert reports—were excepted from the discovery deadline. (Def.'s Mem. in Opp'n 1, ECF No. 162.) As outlined above, they were not. If the parties agreed to take expert depositions outside the deadline, or agreed to any other discovery efforts beyond those provided by the Court's orders or the relevant Rules, then the Court encourages the parties to honor that agreement. (*See* Prelim. Pretrial Order 3, ECF No. 26 ("The parties may, without further leave of Court, agree to exceed the limitations on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court.").) The Court will not, however, enforce an agreement to conduct additional discovery absent memorialization of that agreement in a Court order.

### III. DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Limited Discovery (ECF No. 160) is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE